**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

**No. 96-30123**

---

**JACOB AMAR,**

**Plaintiff - Appellee,**

**VERSUS**

**JOHN P. WHITLEY; DAVID ROSS;**
**JOSEPH R. HOOKER; UNKNOWN SLAYTER, Sergeant,**

**Defendants - Appellants.**

---

Appeal from the United States District Court
For the Middle District of Louisiana

---

November 8, 1996

Before REYNALDO G. GARZA, JONES, and DeMOSS, Circuit Judges.

DeMOSS, Circuit Judge:

This is an appeal arising from a final judgment in a prisoner civil rights suit brought by Jacob Amar under 42 U.S.C. § 1983. After a jury found in favor of the defendants, the magistrate judge awarded costs against Amar. Defendants, John P. Whitley, the warden of the Louisiana Department of Public Safety and Corrections, Lieutenant David Ross, Sergeants Joseph R. Hooker and Richard Slayter, Corrections Officers at the prison, moved for a writ of sequestration to prevent Amar from depleting his prison "bank" account before the defendants could collect on the court's

award of costs in this case.  The magistrate judge denied such motion and Defendants appealed from that denial.  Because the defendants were thereafter successful in obtaining payment of the $55.70 in costs awarded against Amar, no case or controversy exists and, therefore, we DISMISS this appeal as moot.

## I. FACTS AND PROCEDURAL HISTORY

Jacob Amar brought this 42 U.S.C. § 1983 suit against the prison warden and three corrections officers contending that the officers violated his Eighth Amendment rights by using excessive force and acting with deliberate indifference to his medical needs. The parties consented to a jury trial before a magistrate judge. The magistrate judge granted summary judgment as to the claims against the warden, John Whitley.

The case as to the remaining parties then proceeded to trial. The jury returned a verdict in favor of the defendants and the court entered judgment accordingly.  Amar did not appeal this take nothing judgment.  The defendants then filed an unopposed application for costs.  The magistrate judge granted the motion and assessed $55.70 in costs against Amar.  Immediately thereafter, the defendants filed a motion for writ of sequestration of the funds in Amar's prison "bank" account in order to prevent him from depleting the $90.03 currently in his account before the defendants could execute on their award of costs.  The court denied the motion for writ of sequestration and this appeal was filed.  Thereafter, the defendants successfully recovered their $55.70 in costs by writ of

2

garnishment.  Nevertheless, defendants continued to pursue this appeal contending that the case is not moot because this scenario is "capable of repetition yet evading review."

## II. DISCUSSION

Defendants argue that, because FED. R. CIV. P. 62(a)[1] proscribes a 10-day stay for the issuance of a writ of execution filed under Rule 69(a),[2] prisoners who have costs assessed against them for filing lawsuits will have ample opportunity to deplete their prison "bank" accounts.  Defendants contend that there is a reasonable expectation that in the future, another inmate will deplete his account during the 10-day stay on the execution of an award of costs and, thereby, prevent other defendants from recovering their costs.  The defendants express purpose of this appeal is to win approval for the use of Rule 64[3] which would allow the court to use

---

[1]  "Except as stated herein, no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the expiration of 10 days after its entry."  FED. R. CIV. P. 62(a).

[2]  "Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court provides otherwise." FED. R. CIV. P. 69(a).

[3]  Rule 64 provides, in pertinent part:

At the commencement of and during the course of an action, all remedies providing for seizure of person or property for the purpose of securing satisfaction of the judgment ultimately to be entered in the action are available under the circumstances and in the manner provided by the law of the state in which the district court is held, existing at the time the remedy is sought . . . . The remedies thus available include . . . sequestration . . . .

FED. R. CIV. P. 64.

Louisiana sequestration laws to insure that the Louisiana Attorney General's Office would receive awards of costs against inmates before inmates could deplete their accounts.

We decline the invitation to address this appeal. This case presents a textbook example of mootness and, as such, this Court lacks the jurisdiction and the judicial resources to issue an advisory opinion. The United States Constitution, Article III § 2, cl. 1, requires the existence of a case or controversy to support our jurisdiction. There must be an ongoing adversarial relationship between the parties regarding a question which judicial processes must be capable of deciding. See *Matter of Talbott*, 924 F.2d 85, 87 (5th Cir. 1991). In the case *sub judice* defendants have received their $55.70 award of costs from Amar. Amar filed no appeal and did not file a brief or otherwise challenge the appeal filed by the defendants.

Defendants argue that the "capable of repetition yet evading review" exception to the mootness doctrine applies. See *Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982). The "evading review" prong of this exception requires that the type of alleged harm is of a limited duration so that the case would likely be moot before the litigation is completed. See *Vieux Carre Prop. Owners, Residents and Assoc., Inc. v. Brown*, 948 F.2d 1436, 1447 (5th Cir. 1991). Assuming that the prisoners' use of this 10-day stay to deplete prison "bank" accounts becomes rampant, we are confident that the Louisiana Attorney General's Office will again appeal any district court order refusing to grant a Motion for Writ of

4

Sequestration at that time.  In that case, we will be left with a case in controversy that may warrant a decision.  This is not that case.

### III. CONCLUSION

For the foregoing reasons, we hold that this appeal is moot. Finding no case or controversy, we DISMISS this appeal.