# UNITED STATES COURT OF APPEALS
## FIFTH CIRCUIT

_____

No. 99-51127
_____

EMMA BENAVIDES; ET AL,

Plaintiffs,

EMMA BENAVIDES; CARMEN PADILLA; JONATHAN BENAVIDES

Plaintiffs - Appellants,

versus

HOUSING AUTHORITY OF THE CITY OF SAN ANTONIO, TEXAS; BOARD OF COMMISSIONERS OF THE SAN ANTONIO HOUSING AUTHORITY; ANDREW CUOMO, Secretary of the Department of Housing and Urban Development; US DEPARTMENT OF HOUSING & URBAN DEVELOPMENT; MELVIN BRAZIEL, President and Chief Executive Officer of the San Antonio Housing Authority; LUPITA GUTIERREZ, Chairperson of the Housing Authority of the City of San Antonio; BOB BELTRAN, Commissioner of the Housing Authority of the City of San Antonio; HENRY HULL, Commissioner of the Housing Authority of the City of San Antonio; EMILIO AMAYA, Commissioner of the Housing Authority of the City of San Antonio,

Defendants - Appellees.

_____

Appeal from the United States District Court
For the Western District of Texas

_____

January 25, 2001

Before DAVIS and EMILIO M. GARZA, Circuit Judges, and POGUE, Judge.[*]

EMILIO M. GARZA, Circuit Judge:

Emma Benavides, her son Jonathan, and Carmen Padilla are all former residents of the Victoria Courts public housing project in San Antonio, Texas. In 1995, the San Antonio Housing Authority (SAHA) filed an application for demolition of Victoria Courts, based primarily on concerns of obsolescence.[1] Demolition of Victoria Courts began in November 1999. As of the time of the writing of this opinion, approximately 55% of the units have been demolished.[2] Carmen Padilla has relocated from Victoria Courts and current ly resides in private rental housing. The Benavideses currently reside at the Alazan-Apache Courts, another San Antonio public housing project, where they await further relocation to a new housing unit adjacent to the Alazan-Apache Courts.

Before their relocation from Victoria Courts, however, Padilla and the Benavideses (hereinafter, Benavides) filed suit against defendants SAHA, the U.S. Department of Housing and Urban Development, and others (hereinafter, SAHA), seeking a temporary restraining order and a preliminary injunction to stop the demolition. Benavides alleged deficiencies in the demolition application, statutory and constitutional violations from the relocation process, statutory and constitutional violations from SAHA's use of site-based waiting lists for public housing, and

---

[*]    Judge of the U.S. Court of International Trade, sitting by designation.

[1]    Victoria Courts was constructed in 1941-42, a product of New Deal legislation. The Courts are two-story buildings of cinder block construction, with 660 living units. The buildings are not equipped with central air and heat. SAHA provided documentation indicating that the cost of renovating the structures ($52,226,665) would far exceed the cost of demolishing the structures and building new housing on the site ($34,772,100).

[2]    This demolition has included asbestos abatement (leaving the interior of the units gutted), the removal of the roofs of the buildings, severance of utilities, and removal of all appliances.

violations of the National Historic Preservation Act of 1966, 16 U.S.C. § 470 et seq. The district court denied the temporary restraining order, and in a subsequent order denied injunctive and declaratory relief and granted summary judgment to SAHA, reasoning that Benavides had failed to demonstrate a likelihood of success on any of her claims.

On appeal, Benavides argues that the district court erred in four ways: (1) by failing to declare the demolition application invalid; (2) by failing to enjoin future relocations from demolished public housing; (3) by failing to enjoin the demolition of Victoria Courts; and (4) by failing to enjoin the use of site-based waiting lists. Benavides did not seek a stay of the demolition pending appeal. SAHA filed a motion to dismiss the appeal as moot. SAHA asserts that because the demolition of Victoria Courts has advanced to a point where the units are no longer habitable, and because Benavides has voluntarily relocated to other housing, the relief sought can no longer be provided by this court.

I

We must first decide which, if any, of Benavides' claims are moot. Benavides argues in opposition to the motion to dismiss the appeal that two of her claims are still viable: the request for relief under the National Historic Preservation Act and the site-based waiting list claim. She also contends that her other claims fall into the "capable of repetition yet evading review" exception to the doctrine of mootness.

Benavides maintains that demolition of Victoria Courts violates the National Historic Preservation Act because SAHA did not comply with the process dictated by the Act, requiring, among other things, consultation with the Advisory Council on Historic Preservation. *See* 36 C.F.R. § 800.2. The district court, however, found no violation of the procedures of the National Historic Preservation Act, and denied injunctive relief on this basis. SAHA argues in its motion to dismiss the

appeal that the demolition that is underway at Victoria Courts moots Benavides' appeal of the denial of injunctive and declaratory relief. We agree. A substantial portion of the demolition has occurred, such that "no order of this court could affect the parties' rights with respect to the injunction we are called upon to review." *Honig v. Students of Cal. Sch. For the Blind*, 471 U.S. 148, 149, 105 S.Ct. 1820, 1821, 85 L.Ed. 2d 114 (1985); *see also Harris v. City of Houston*, 151 F.3d 186, 189 (5t h Cir. 1989) ("[A] request for injunctive relief generally becomes moot upon the happening of the event sought to be enjoined.").

Benavides attempts to demonstrate the continued existence of a live controversy by suggesting ways in which Victoria Courts could again be made habitable, and refers us to *Vieux Carre Property Owners, Residents, & Assoc., Inc. v. Brown*, 948 F.2d 1436 (5th Cir. 1991). In *Vieux Carre*, a historical preservation society claimed that the Army Corps of Engineers approved construction of a park and aquarium (and demolition of the structures that stood on the land to be used) without complying with the National Historic Preservation Act. When after an initial appeal the demolition had already occurred and the construction was underway, the district court held the declaratory judgment action moot because no meaningful relief could be granted. We reversed, relying on the principle that "a suit is moot only when it can be shown that a court cannot even 'theoretically grant' relief." *Id.* at 1446. We reasoned that because the outcome of the historic review process was uncertain, we could not know if meaningful relief was possible. *See id.* at 1446-447 ("It is...possible...the Advisory Council [on Historic Preservation], the Corps, and other interested parties, will be able to implement measures, great or small, in mitigation of some or all adverse effects, if any, wrought by the [construction].").

Benavides urges that we can "theoretically grant" relief here by ordering preservation of any

undemolished units or restoration of the Courts. *Vieux Carre* bears only superficial resemblance to the facts of this case, however. Victoria Courts was determined not to be eligible for listing in the National Register of Historic Places by the U.S. Department of Housing and Urban Development. The district court affirmed this agency decision and found no procedural violation of the National Historic Preservation Act.[3] *See* 36 C.F.R. § 800.4(c)(2). In *Vieux Carre*, by contrast, the district court found the suit moot before the agency was able to make any determination under the National Historic Preservation Act. We reversed because of the possibility that such a determination would affect the propriety of the construction then underway. We have since interpreted *Vieux Carre* narrowly. In *Bayou Liberty Assoc., Inc. v. United States Army Corps of Engineers*, 217 F.3d 393 (5th Cir. 2000) we held that no theoretical relief was available to a party seeking prospective relief against the Army Corps of Engineers, alleging deficiencies in a construction permit, when that construction was already substantially completed. We distinguished *Vieux Carre*, reasoning that *Vieux Carre* involved the unique situation where the absence of review by the appropriate government agency made uncertain the mooting effect of the substantially completed construction.

Thus, although it may appear under *Vieux Carre* that any amount of remaining demolition or

---

[3]     Benavides disputes this holding, pointing to evidence that the Advisory Council on Historic Preservation sought to enter the historic review process. Entry of the Advisory Council would mean that the Secretary of the Interior would potentially be required to make a determination of eligibility for the historic registry, a step which has not been completed in this case. The district court, however, struck the evidence pertaining to the Advisory Council's decision to intervene in the historical review process because Benavides filed the materials after September 14, 1999, the date agreed upon by the parties in a stipulation pertaining to the briefing schedule. Although Benavides protests the district court's decision, arguing that the materials were either not available to the parties or not in existence until after September 14, we do not find any abuse of discretion. *See, e.g., Munoz v. Orr*, 200 F.3d 291, 303 (5th Cir. 2000). It was because of Benavides' own delay in appealing the decision of the Texas Historical Commission, a decision made in 1993, that the documents Benavides urges us to review were not prepared before the September 14, 1999 deadline. Accordingly, the evidence that the Advisory Council sought to enter the historical review process is not before us.

construction means that the case is not moot because theoretical relief is available, our subsequent case law indicates that it was the combination of the uncertainty surrounding the pending agency review and the partial state of the construction that contributed to the viability of the plaintiff's claims. Here, however, even assuming we were to grant complete relief to Benavides and order the compliance with the historic review process, there is no evidence on the record that further agency review could possibly affect the substantially-completed demolition of Victoria Courts. Benavides' claims for prospective relief based on the National Historic Preservation Act are moot.[4]

## II

Benavides contends next that her claim challenging the validity of SAHA's use of site-based waiting lists is still viable. We decline to reach the question of the possible mootness of this claim, or whether Benavides has standing to bring this claim, because we find that the claim Benavides seeks to address on appeal was not presented to the district court. *See United States ex rel. Wallace v. Flintco Inc.*, 143 F.3d 955, 971 (5th Cir.1998).

In her brief to the district court, Benavides addressed SAHA's use of site-based waiting lists as part of a broader challenge to the relocation of residents of Victoria Courts.[5] The district court

---

[4] Benavides makes a final attempt to demonstrate the continued existence of a live controversy by stating in her brief in opposition to the motion to dismiss the appeal that she has substantially prevailed in an action to preserve the administration building of Victoria Courts, such that she is entitled to attorney's fees and costs. This claim was not presented either to the district court or in her appeal to this court, and is not properly considered by us now. *See, e.g., Trevino v. Johnson*, 168 F.3d 173, 181 n.3 (5th Cir.1999) (issues not briefed on appeal are deemed waived)*; see also Harris*,151 F.3d at 190 ("*Vieux Carre* contains no support for the appellant's notion that we may fashion relief not requested below in order to keep a suit viable.").

[5] Benavides' reply to SAHA's motion for summary judgment does contain a more generalized argument challenging the use of site-based waiting lists, an argument not linked to the demolition of Victoria Courts. The district court, however, excluded this brief as it was filed well after the deadline for plaintiffs' responsive and dispositive pleadings agreed upon by the parties. We

accordingly addressed Benavides' discriminatory relocation practice argument, holding that Benavides did have standing to bring this challenge, but that the plan did not violate Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d, et. seq., or the Fair Housing Act, 42 U.S.C. § 3601 et seq. At that time Benavides had not yet relocated, and her waiting list claim was intimately connected to the injunctive relief sought to prevent the demolition of or alter the relocation from Victoria Courts. Now, however, all plaintiffs have relocated voluntarily from Victoria Courts, and none is currently on a site-based waiting list, nor offers allegations of possible future placement on a site-based waiting list. The relocation that followed the district court's decision on this issue was ultimately voluntary, and the waiting lists factored into that relocation little or not at all.[6]

Benavides' claim has therefore transformed into a more abstract claim that SAHA's practice of maintaining site-based waiting lists deprives her, as a current resident of public housing in San Antonio, of the opportunity to live in an integrated community. Although this claim may bear some resemblance to the relief originally sought in district court, we find that the claims are sufficiently distinct, such that the generalized challenge to site-based waiting lists is not properly considered by us on appeal. *See United States ex rel. Wallace*, 143 F.3d at 971.

### III

Benavides' final argument is that her appeal is not moot because it falls into the "capable of repetition yet evading review" exception to the mootness doctrine. This exception applies "only in exceptional situations...where the following two circumstances are simultaneously present: (1) the

---

find no abuse of discretion by the district court in striking this brief.

[6]    As noted above, Padilla has relocated to private residential housing. The Benavideses have moved to the Alazan-Apache Courts through an arrangement that allowed them to be placed at the top of all waiting lists due to their relocation from Victoria Courts.

challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Spencer v. Kemna*, 523 U.S. 1, 17, 118 S.Ct. 978, 988, 140 L.Ed.2d 43 (1998).

Benavides maintains that even once the demolition of Victoria Courts is complete, SAHA will continue to act based on its alleged policies of (1) failing to adopt relocation plans for tenants of demolished public housing facilities that promote integration rather than segregation; (2) failing to comply with the National Historic Preservation Act with respect to other public housing developments; and (3) failing to discontinue the use of site-based waiting lists. Benavides has failed, however, to meet her burden under the second prong of the *Spencer* test for application of the capable of repetition yet evading review: she has not demonstrated that she, as a current resident of Alazan-Apache Courts, will again be subject to the demolition and relocation process.[7] *See DeFunis v. Odegaard*, 416 U.S. 312, 315-17, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) (requiring a reasonable expectation that the same litigant will again be subjected to the same action). We therefore find the capable of repetition yet evading review exception to the mootness doctrine inapplicable.

IV

For the foregoing reasons, we DISMISS this appeal as moot.

---

[7]     Moreover, SAHA has provided sworn affidavits establishing that there are no current plans in San Antonio for any funded demolition projects of public housing facilities.