United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 18, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50864
Summary Calendar

SAVE OUR AQUIFER, Etc., ET AL.,

Plaintiffs,

LEAGUE OF UNITED LATIN AMERICAN CITIZENS, District 15,

Intervenor-Appellant,

versus

CITY OF SAN ANTONIO; ED GARZA, In His Official Capacity as Mayor
of San Antonio; TERRY BRECHTEL, In Her Official Capacity as City
Manager of the City of San Antonio; YOLANDA L. LEDESMA, Official
Capacity, Acting City Clerk of the City of San Antonio; BEXAR
COUNTY TEXAS; CLIFFORD R. BOROFSKY, In His Official Capacity as
Elections Administrator, Bexar County, Texas,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(SA-02-CV-618)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Intervenor-Appellant League of United Latin American Citizens,
District 15 ("LULAC") appeals the district court's dismissal of its
action brought under Sections 2 and 5 of the Voting Rights Act of
1965, 42 U.S.C. § 1973, et seq. The amended complaint, which LULAC

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

initially joined, alleged that the defendants violated the Voting Rights Act when verifying the signatures on a referendum petition that was designed to force the City either to repeal an ordinance known as the PGA Village Ordinance or put it to a vote. LULAC subsequently realigned itself as an intervenor to focus on the City's use of a computer-referenced procedure for validating the signatures. The district court dismissed the case as moot after the City repealed the ordinance at issue, thereby providing the remedy sought by the plaintiffs.

LULAC argues that the case is not moot because the district court may grant the relief that LULAC sought in the form of an injunction barring the implementation of the City's procedure for verifying voters' qualifications. As the ordinance that the referendum petition sought to challenge was repealed, however, no live case or controversy concerning the City's procedure is currently before the court. See Harris v. City of Houston, 151 F.3d 186, 189 (5th Cir. 1998); see also Amar v. Whitley, 100 F.3d 22, 23 (5th Cir. 1996)(federal courts lack jurisdiction and the judicial resources to issue advisory opinions).

LULAC further contends that the case is not moot because the City's procedures remain in effect, and the challenged election practice is capable of repetition yet evading review. Our review of the briefs and the record satisfies us that there has not been a sufficient showing that (1) the challenged action is too short in duration to be fully litigated prior to its cessation or

2

expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.  See Benavides v. Housing Auth. of City of San Antonio, 238 F.3d 667, 671 (5th Cir. 2001).  We also conclude that any claims against Bexar County and Clifford R. Borofsky have been abandoned because they were not adequately briefed.  See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

AFFIRMED.