United States Court of Appeals

Fifth Circuit

**F I L E D**

**July 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-40963
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REYNALDO GARCIA, also known as Chucky,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-169-2

_____

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Reynaldo Garcia appeals his sentence following his guilty-plea to conspiracy to possess with intent to distribute more than 1,000 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). The district court calculated Garcia's base offense level based on relevant conduct involving 48,651.7 kilograms of marijuana. Garcia argues, *inter alia*, that the district court's drug quantity finding violated the Sixth Amendment and *United States v. Booker*[1] because he did not plea or admit to

_____

[1] 125 S. Ct. 738 (2005).

the relevant conduct and it was not found by a jury.

In *Booker*, the Supreme Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."[2] *Booker* struck down 18 U.S.C. § 3553(b)(1), thus rendering the Guidelines advisory.[3]

Garcia did not expressly object in the district court based on *Booker* or the Sixth Amendment. Consequently, our review is for plain error only.[4] We may correct an error that the appellant failed to raise in the district court only if there is "(1) error, (2) that is plain, and (3) that affect[s] substantial rights."[5] If these conditions are met, we may exercise our discretion to notice a forfeited error only if "the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings."[6]

The first two prongs of the plain error test are clearly met in this case.[7] In order to satisfy the third prong, Garcia must

---

[2] *Id.* at 756.

[3] *Id.* at 764-65.

[4] *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005).

[5] *United States v. Cotton*, 122 S. Ct. 1781, 1785 (2002) (internal quotation marks and citations omitted).

[6] *Id.* (internal quotation marks and citations omitted).

[7] *See Mares*, 402 F.3d at 520-21.

demonstrate that "the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result."[8]  Although we have held that an appellant has a "difficult burden to establish that the error affected his substantial rights,"[9] we are persuaded that Garcia has done so in the present case.

At Garcia's sentencing, the court discussed at length the difficulties of long prison sentences and their affect on families. The court noted that Garcia was a husband and father of small children, and opined: "You [Garcia] are a young man and I would prefer to sentence you to a lesser sentence than required under the guidelines but I'm going to follow the law and assess punishment appropriately based on the circumstances that are presented before me."  The court then proceeding to sentence Garcia to 262 months' imprisonment--at the very bottom of the applicable Guidelines range.  We have held that this type of evidence indicates a likelihood that the district court would have imposed a lesser sentence under an advisory Guidelines regime.[10]  Furthermore, we find that Garcia has carried his burden under the fourth prong of

_____

[8] *Id.* at 521.

[9] *United States v. Pennell*,---F.3d----, 2005 WL 1030123, at *5 (5th Cir. May 4, 2005).

[10] *See id.*

3

the plain error test.[11]  Accordingly, Garcia's sentence must be vacated and remanded for resentencing.

Because the district court's drug quantity determination requires resentencing, we do no reach Garcia's other claimed sentencing errors and leave to the district court's discretion whether it will impose the same sentence with the same departures or enhancements.[12]  Garcia's argument that a greater sentence at resentencing would implicate ex post facto concerns is premature, and we do not address it.[13]

VACATED AND REMANDED.

---

[11] *See id*. (sentencing error that results in a dramatic increase in the recommended imprisonment range "seriously affects the fairness, integrity, or public reputation of the judicial proceedings" (quoting *United States v. Gracia-Cantu*, 302 F.3d 308, 313 (5th Cir. 2002))).

[12] *See United States v. Akpan*, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

[13] *See Amar v. Whitley*, 100 F.3d 22, 23 (5th Cir. 1996) (finding that we lack the "jurisdiction and the judicial resources to issue an advisory opinion").