United States Court of Appeals

Fifth Circuit

**F I L E D**

**July 26, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11493
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ALBERTO PRIETO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-213-ALL
---------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Oscar Alberto Prieto (Prieto) appeals the sentence imposed by the district court following his guilty plea to illegal reentry after removal from the United States in violation of 8 U.S.C. § 1326(a) & (b)(2) and 6 U.S.C. §§ 202 and 557.

In part, Prieto asserts that the district court erred when it imposed an eight-level enhancement because he previously had been convicted of an aggravated felony. This argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (internal quotation marks and citation omitted).

Relying on Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005), Prieto also argues that his constitutional rights were violated because the guidelines in effect when he was sentenced were mandatory and imposed binding requirements on all sentencing judges. The Government agrees that Prieto preserved the Booker error and that the district court committed Booker error when it sentenced Prieto under mandatory, rather than advisory, guidelines.

When a Booker error is preserved, this court "will ordinarily vacate the sentence and remand," unless the error is harmless. United States v. Pineiro, ___ F.3d ___, No. 03-30437, 2005 WL 1189713 at *2 (5th Cir. May 20, 2005) (internal quotation marks and citation omitted). As the Government concedes that it cannot satisfy its burden of proof under the harmless error standard, Prieto's sentence must be vacated, and this case must be remanded for resentencing in light of Booker and United States v. Mares, 402 F.3d 511 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

We do not reach Prieto's contention that a greater sentence at resentencing would implicate due process and ex post facto

concerns.  Because we remand this matter to the district court for resentencing in light of <u>Booker</u> and <u>Mares</u>, such an argument is premature and need not be addressed.  <u>Amar v. Whitley</u>, 100 F.3d 22, 23 (5th Cir. 1996) (noting that a federal court lacks jurisdiction and the judicial resources to issue advisory opinions); <u>Matter of Talbott Big Foot, Inc.</u>, 924 F.2d 85, 87 (5th Cir. 1991) (stating that the court does not give opinions upon moot questions, abstract propositions, or rules of law not at issue).  We leave to the district court's discretion whether it will impose the same sentence with the same departures or enhancements.

VACATED AND REMANDED FOR RESENTENCING.