**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 3, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 04-20192
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRELL BERNARD SMITH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-292-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM and DAVIS, Circuit Judges.[*]

PER CURIAM:[**]

Darrell Bernard Smith pled guilty to possessing a firearm subsequent to a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The PSR recommended a base offense level of 24 and a four-level enhancement pursuant to U.S.S.G. § 2K2.1(b)(5) on the ground that he used the firearm in connection

---

[*] Judge Pickering was a member of the original panel but resigned from the Court on December 8, 2004, and therefore did not participate in this decision. This matter is being decided by a quorum. 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

with another felony offense.  With a total offense level of 28 and a criminal history category of VI, the corresponding imprisonment range was 140-175 months; however, the statutory maximum for the offense of conviction is 120 months.  Smith objected to the four-level enhancement, and without that enhancement the range would have been 100-125 months.  The district court overruled the objection and sentenced Smith to 120 months.

On appeal Smith initially challenged his conviction on the grounds that 18 U.S.C. § 922(g) is unconstitutional under the Commerce Clause and that his prosecution under that statute was an unwarranted intrusion on his Second Amendment rights.  We affirmed, noting that Smith's arguments were foreclosed by circuit precedent and that Smith raised them only for further review.  United States v. Smith, 108 Fed. Appx. 873 (5th Cir. Aug. 18, 2004).  The Supreme Court vacated our judgment and remanded to us for further consideration in light of United States v. Booker, 125 S.Ct. 738 (2005).  See Smith v. United States, 125 S.Ct. 1069 (2005).

Smith now argues that his sentence enhancement runs afoul of Booker.[1]  As Smith failed to raise this claim in the district

---

[1] We decline to pause in this case to consider whether Smith waived this issue.  See United States v. Garcia-Rodriguez, --- F.3d ----, 2005 WL 1538993, at *4 n.4 (5th Cir. Jun. 30, 2005) ("Garcia raises this argument for the first time in a supplemental, 28(j) letter filed after briefing was complete.  We have permitted other litigants to raise Booker challenges in this manner, so we address Garcia's claim as if it was raised in his opening brief and review for plain error.").

court,[2] our review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005); see also United States v. Garcia, --- F.3d ----, 2005 WL 1606898 (5th Cir. Jul. 11, 2005). In order to establish plain error, Smith must show: (1) error, (2) that is clear or obvious, and (3) that affects substantial rights. Mares, 402 F.3d at 520; United States v. Infante, 404 F.3d 376, 394 (5th Cir. 2005). "'If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Mares, 402 F.3d at 520 (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)).

Smith's claim fails at the third step of the plain error test because he has not shown that the error affected his substantial rights. There is no indication in the record that the district court would have imposed a lower sentence if the guidelines had been advisory. See Infante, 404 F.3d at 394-95. He has not carried his "burden of demonstrating that the result would have likely been different had the judge been sentencing under the Booker advisory regime rather than the pre-Booker mandatory regime." Mares, 402 F.3d at 522. As Smith has not satisfied the third prong of the plain error test, he is not entitled to

---

[2] That is, unlike in United States v. Akpan, 407 F.3d 360 (5th Cir. 2005) (finding Booker error preserved), we are not "satisfied that his objections adequately apprised the district court that [he] was raising a Sixth Amendment objection." Id. at 376.

3

resentencing.

AFFIRMED.