**UNITED STATES of America, Plaintiff–Appellee**

v.

**Jose Luis RIOS–CASIO, Defendant– Appellant.**

No. 04–11191.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 21, 2006.

Marc Woodson Barta, U.S. Attorney's Office, Dallas, TX, for Plaintiff–Appellee.

Jason Douglas Hawkins, Federal Public Defender's Office, Dallas, TX, for Defendant–Appellant.

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM: *

Jose Luis Rios–Casio (Rios) appeals his conviction and sentence following his plea of guilty to illegally reentering the United States after having been deported. Rios's constitutional challenge to 8 U.S.C.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 1326(a) & (b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Rios contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi,* we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rios properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Rios argues that the increase in his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was unconstitutional under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because it was based upon facts not pled in the information, proved to a jury, or admitted by him. He also argues that the district court's mandatory application of the Sentencing Guidelines was error under *Booker.* Because Rios preserved both arguments in the district court, this court's review is for harmless error. *See United States v. Pineiro,* 410 F.3d 282, 285 (5th Cir.2005); *United States v. Walters,* 418 F.3d 461 (5th Cir.2005). Under the harmless-error standard, the Government must show "that the error did not affect the outcome of the district court proceedings, i.e., that the district court would have imposed the same sentence absent the error." *Pineiro,* 410 F.3d at 286.

The Government concedes that the district court's mandatory application of the Guidelines in determining Rios's sentence was error. The Government also concedes that it cannot establish that the district court's error was harmless. Nothing in the record suggests that the district court would have imposed the same sentence under an advisory regime. Accordingly, Rios's sentence must be vacated, and this case must be remanded for resentencing in light of *Booker. See Pineiro,* 410 F.3d at 286.

We do not reach Rios's contention that the district court's application of § 2L1.2 ran afoul of *Booker. See United States v. Akpan,* 407 F.3d 360, 377 n. 62 (5th Cir. 2005). Nor do we reach Rios's contention regarding the applicability of *Booker* to the imposition of a sentence upon remand. *See Amar v. Whitley,* 100 F.3d 22, 23 (5th Cir.1996) (federal court may not issue advisory opinions). We leave to the district court's discretion whether it will impose the same sentence upon remand.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR RESENTENCING.