United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

--------------------

No. 04-11191
Summary Calendar

--------------------

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOSE LUIS RIOS-CASIO

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CR-175-ALL-P
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Rios-Casio (Rios) appeals his conviction and
sentence following his plea of guilty to illegally reentering the
United States after having been deported.  Rios's constitutional
challenge to 8 U.S.C. § 1326 (a) & (b) is foreclosed by
Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).
Although Rios contends that Almendarez-Torres was incorrectly
decided and that a majority of the Supreme Court would overrule
Almendarez-Torres in light of Apprendi, we have repeatedly

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding. <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Rios properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

Rios argues that the increase in his offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) was unconstitutional under <u>United States v. Booker</u>, 543 U.S. 220 (2005), because it was based upon facts not pled in the information, proved to a jury, or admitted by him. He also argues that the district court's mandatory application of the Sentencing Guidelines was error under <u>Booker</u>. Because Rios preserved both arguments in the district court, this court's review is for harmless error. <u>See</u> <u>United States v. Pineiro</u>, 410 F.3d 282, 285 (5th Cir. 2005); <u>United States v. Walters</u>, 418 F.3d 461 (5th Cir. 2005). Under the harmless-error standard, the Government must show "that the error did not affect the outcome of the district court proceedings, i.e., that the district court would have imposed the same sentence absent the error." <u>Pineiro</u>, 410 F.3d at 286.

The Government concedes that the district court's mandatory application of the Guidelines in determining Rios's sentence was error. The Government also concedes that it cannot establish that the district court's error was harmless. Nothing in the record suggests that the district court would have imposed the

same sentence under an advisory regime. Accordingly, Rios's sentence must be vacated, and this case must be remanded for resentencing in light of <u>Booker</u>. <u>See</u> <u>Pineiro</u>, 410 F.3d at 286.

We do not reach Rios's contention that the district court's application of § 2L1.2 ran afoul of <u>Booker</u>. <u>See</u> <u>United States v. Apkan</u>, 407 F.3d 360, 377 n.62 (5th Cir. 2005). Nor do we reach Rios's contention regarding the applicability of <u>Booker</u> to the imposition of a sentence upon remand. <u>See</u> <u>Amar v. Whitley</u>, 100 F.3d 22, 23 (5th Cir. 1996) (federal court may not issue advisory opinions). We leave to the district court's discretion whether it will impose the same sentence upon remand.

AFFIRMED IN PART; VACATED IN PART AND REMANDED FOR RESENTENCING.