United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11137
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOE GARY RIVAS, JR.,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:02-CR-42-1-C
--------------------

Before REAVLEY, HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Joe Gary Rivas, Jr., appeals the sentence imposed for his conviction on one count of conspiracy to import cocaine and marijuana, arguing that the district court's determination of drug quantity violated the Sixth Amendment rule of United States v. Booker, 543 U.S. 220 (2005). As Rivas preserved the issue, we review for harmless error, which requires the Government to demonstrate beyond a reasonable doubt that the district court would have imposed the same sentence if the Sentencing Guidelines

-------------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

had been advisory.  See United States v. Pineiro, 410 F.3d 282,
284 (5th Cir. 2005).

We reject the Government's contention that there was no
error because Rivas admitted the drug quantity.  Rivas admitted
only to importing at least five kilograms of cocaine and at least
1,000 kilograms of marijuana.  This does not establish that Rivas
pleaded guilty to the specific amounts of 264 kilograms of
cocaine and more than 9,000 kilograms of marijuana determined by
the Presentence Report.  See, e.g., United States v. Garcia, 416
F.3d 440 (5th Cir. 2005) (finding Sixth Amendment error where
defendant pleaded guilty to conspiracy to possess with intent to
distribute more than 1,000 kilograms of marijuana, and district
court determined total amount to be 48,651.7 kilograms).

In light of Booker, the district court's determination of
drug quantity constitutes error.  See Pineiro, 410 F.3d at 286.
We also conclude that the error was not harmless.  The fact that
the court sentenced Rivas to the maximum sentence within the
guidelines range is insufficient to satisfy the Government's
burden.  See United States v. Woods, ___ F.3d ___, No. 04-11058,
2006 WL 163475, at *3 (5th Cir. Jan. 24, 2005).  The Government's
contention that the district court could have imposed the same
sentence likewise fails to show that the district court would
have imposed the same sentence but for the Booker error.

Rivas raises no other complaint.

The case is remanded to the district court to decide whether to resentence the defendant.

REMANDED.