United States Court of Appeals

Fifth Circuit

**F I L E D**

June 19, 2006

Charles R. Fulbruge III
Clerk

In the

United States Court of Appeals

for the Fifth Circuit

Nº 04-41228
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JIMMY TAYLOR,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
Nº 2:03-CR-19-TJW-18

Before SMITH, GARZA, and PRADO,
   Circuit Judges.

PER CURIAM:[*]

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jimmy Taylor appeals his sentence for drug possession and distribution and illegal use of a firearm, alleging error under *United States v. Booker*, 543 U.S. 220 (2005), and challenging the denial of his motion for a downward departure. Because the record reveals that the judge would have imposed a lesser sentence under an advisory guidelines system, we vacate and remand for resentencing.

## I.

Taylor pleaded guilty of possession with intent to distribute and distribution of less than five grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, and using and carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1).[1] The PSR assigned a base offense level of 34 under U.S.S.G. § 2D1.1, with a three-level downward departure for acceptance of responsibility. The PSR further determined that Taylor's prior offenses, which included two misdemeanor assaults and one count of indecent exposure, merited six criminal history points, with a resulting criminal history category of III, yielding a guideline range of 135 to 168 months' imprisonment on the drug trafficking offense and 60 months on the firearms offense.

Taylor filed a motion for downward departure under U.S.S.G. § 4A1.3, which permits the court to assign a lower criminal history category where the defendant's current category "substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." The following exchange ensued:

THE COURT: Well, I read your motion pretty carefully, [counsel]. The Court wouldn't have a problem with dropping the one point on indecent exposure, but that doesn't get us anywhere that I can see, because he had a prior drug conviction, and I don't believe I can do anything about that, and I'm not inclined to do anything about it. And, you know, one of these assault charges, he was under a court order, he violated the court's order, criminal trespass, and then he had the assault. He didn't get any points for that [sic] violating the court order and it's just sort of hard for me to say, well—my problem is I would have to disregard three points, and I can't find any three points—I can't find an additional two that this court feels like that would be appropriate. I will disregard the indecent exposure, but it's still a Category III.

DEFENSE ATTORNEY: And me and Mr. Taylor discussed that possibility, but we thought that it would be better to go ahead and try than not.

THE COURT: Oh, I understand. I think— the Court considered your request, it is a long sentence. But I—unless the Government wants to stipulate to something, I don't think there's much I can do. []

GOVERNMENT ATTORNEY: []Your Honor, I agree with the Court's assessment, and certainly agree with the probation officer's response which the Court has pointed out that disregarding that point doesn't make any difference. I just—as the Court and Counsel is well aware, these guidelines in drug cases, what a person's sentence is determined by two things: The quantity of drugs and the category of the criminal history points. And this is essentially etched in stone, Your Honor, and I don't think a—

---

[1] Taylor's plea agreement contained an appellate-waiver provision in which he agreed to waive the right to review of the substance, procedure or form of his conviction, except for sentencing guidelines determinations. Because, however, the government does not seek to enforce the provision, we proceed to consider Taylor's appeal on the merits. *See United States v. Story*, 439 F.3d 226, 230-31 (5th Cir. 2006).

THE COURT: Well, that's what I—absent a stipulation from the Government that they are willing to stipulate a departure down to Category II, which would get us closer to the 15 years total.

The government declined to stipulate, and the court sentenced Taylor to the lowest possible guidelines sentence, i.e., 135 months for the drug charges, concurrently with 60 months for the firearms charge.

II.

Because Taylor did not preserve his Sixth Amendment claim, we review for plain error. *See United States v. Mares*, 402 F.3d 511, 512 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Under plain error review, there must be (1) error, (2) that was plain and (3) affected substantial rights. *See id.* at 520. Furthermore, we will reverse only where the error would "seriously affect[] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *United States v. Cotton*, 535 U.S. 625, 631 (2002)). This last prong is satisfied where the defendant would have received a lesser sentence than the district court erroneously felt compelled to impose.[2]

A sentence imposed under a mandatory guidelines regime constitutes error that is plain. *See id.* at 520-21. To affect substantial rights, however, an error "must have affected the outcome of the district court proceedings." *Id.* at 521 (quoting *United States v. Olano*, 507 U.S. 725, 734 (5th Cir. 1993)). The defendant bears the burden of "demonstrating a probability sufficient to undermine confidence in the outcome." *United States v. Bringier*,

405 F.3d 310, 317 (5th Cir.), *cert. denied*, 126 S. Ct. 264 (2005). He must point to statements made by the sentencing judge that indicate he would have provided a lower sentence if not bound by the guidelines. *See United States v. Rodriguez-Gutierrez*, 428 F.3d 201, 203-04 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 1383 (2006). We may also consider whether the sentence falls at the minimum, maximum, or in the middle of the applicable guidelines range. *See id.* at 204-06.

Taylor has met his burden. The sentencing judge stated on two occasions that he did not think he could do anything to lighten Taylor's sentence. He appeared to agree with the government's assertion that the guidelines for drug cases are "essentially etched in stone." He noted that the guidelines provide for a long sentence, and he invited the government to stipulate to a downward departure to a criminal history category of II—which he indicated would have allowed him to sentence Taylor to around 180 months (i.e., 15 years) instead of the 195 months ultimately imposed.

True, the judge also said that he was not "inclined" to alter Taylor's sentence and that he did not find it "appropriate" for the court to deduct two additional criminal history points. He further noted that Taylor could have, but did not, receive points for violating a court order for criminal trespass. These statements, however, related to the judge's opinion of the proper *application* of the guidelines, not whether he would have imposed a lighter sentence had he not felt bound by them. The commentary to § 4A1.3 contemplates downward departure only for minor past offenses:

> A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant

---

[2] *See United States v. Pennell*, 409 F.3d 240, 246 (5th Cir. 2005) (citing *United States v. Gracia-Cantu*, 302 F.3d 308, 313 (5th Cir. 2002)).

had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.

U.S.S.G. § 4A1.3 cmt. n.3.

Taylor's misdemeanor assaults occurred in 1995 and 1996, respectively, only six years before the events underlying the instant offense in 2002. Also, Taylor was convicted of possession of a controlled substance in the intervening period between his misdemeanor convictions and the present offense. Finally, because he served over 13 months on the drug charge, he merited the addition of three criminal history points under U.S.S.G. § 4A1.1(a). Therefore, the district court did not believe it could remain faithful to the guidelines if it forgave the previous assaults or the prior drug offense.

But, merely because a judge strives to calculate the guidelines range properly does not mean that he agrees that a given sentence within that range is proportionate to the offense. A judge may attempt to promote parity among defendants by setting the bar at the same level for all of them, even if he thinks as an initial matter that the bar was set too high. In short, it is possible for a judge to believe he is fairly applying the guidelines without believing that application of the guidelines is fair.[3]

Our conclusion finds support in the fact that the court ultimately sentenced Taylor to the absolute minimum of the range. "[S]entences falling at the absolute minimum of the Guidelines provide the strongest support for the argument that the judge would have imposed a lesser sentence." *Rodriguez-Gutierrez*, 428 F.3d at 205. Though a minimum sentence alone might be insufficient to establish that substantial rights were affected, *see Bringier*, 405 F.3d at 318, in this context the sentence lends credence to our conclusion, based on record testimony, that the judge (a) felt constrained faithfully apply the guidelines faithfully and (b) attempted to achieve indirectly, through government stipulation, what he felt he could not do directly through guidelines application; i.e., lower the sentence.

Taylor does not need to prove to a moral certitude that he would have received a lighter sentence under an advisory regime. Rather, he need only raise a "probability sufficient to undermine confidence in the outcome." *Bringier*, 405 F.3d at 317. The fact that the court indicated it felt powerless to lower the sentence, and invited a stipulation that would have reduced Taylor's sentence by about 15 months if accepted, suffices to meet this burden. Therefore, resentencing is appropriate.[4]

---

[3] *See, e.g., Rodriguez-Gutierrez*, 428 F.3d at 205-06 (stating that "a judge could consider one defendant a more serious offender than another defendant and thus sentence the former to a higher sentence within the range, even while considering the entire range to be too high") (citing *United States v. Paladino*, 401 F.3d 471, 482 (7th Cir. 2005)).

[4] Resentencing is also consistent with previous cases in which we have found *Booker* error. *See Pennell*, 409 F.3d at 245-46 (finding substantial rights affected where judge sentenced at the low end of the guidelines range and stated he might impose a lower sentence in the interest of "fairness and justice" if not "constrained" by the guidelines; *United States v. Garcia*, 416 F.3d 440, 441 (5th Cir. 2005) (finding substantial rights affected where judge imposed low-end sentence and stated that he would have sentenced lower if not for guidelines). *Cf. Bringier*, 405 F.3d at 317-18

(continued...)

Taylor also argues that the court erred in denying his motion for a downward departure under U.S.S.G. § 4A1.3. Even after *Booker*, we review *de novo* a district court's interpretation and application of the guidelines. *See United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005). We have jurisdiction to review a refusal to depart downward "only if the district court based its decision upon an erroneous belief that it lacked the authority to depart." *United States v. Landerman*, 167 F.3d 895, 899 (5th Cir. 1999). There is no evidence that the court thought it lacked that authority; it merely declined to exercise that authority, consistent with the commentary to § 4A1.3 and the instructions of § 4A1.1(a). As explained above, there was no error in the court's application of the guidelines, but only in its misapprehension that it was bound to apply them, and refrain from issuing a milder sentence, absent government stipulation.

The sentence is VACATED and the matter REMANDED for resentencing.

---

[4](...continued)
(finding low-end sentence insufficient where defendant provided no record evidence that the judge had felt compelled by the guidelines).