United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30451
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ALONSO RODRIGUEZ-GUTIERREZ, also known as Saul
Martinez-Guevara, also known as Luis Rodriguez, also
known as Saul Alberto Martinez-Guevara, also known as
Alonzo Martinez-Lopez, also known as Luis Alonso
Gutierrez-Rodriguez, also known as Luis Martinez,
also known as Alonso Martines,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:03-CR-373-F
--------------------

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Luis Alonso Rodriguez-Gutierrez ("Rodriguez") appeals from
his sentence following a guilty plea to illegal re-entry
following deportation subsequent to an aggravated felony, in
violation of 8 U.S.C. § 1326(a) and (b). The district court
ordered that the sentence run consecutive to an anticipated but
not yet imposed sentence for revocation of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez argues that the district court lacked authority to order a consecutive sentence under 18 U.S.C. § 3584(a).

Although the Government argues that the case is moot because the revocation sentence was ordered to run consecutive to the sentence challenged here, we are not convinced that we cannot even theoretically grant relief. See Vieux Carre Property Owners v. Brown, 948 F.2d 1436, 1446 (5th Cir. 1991). We ordinarily review a district court's decision to impose consecutive rather than concurrent sentences for abuse of discretion. See United States v. Lynch, 378 F.3d 445, 447 (5th Cir. 2004). Because Rodriguez did not object to the consecutive sentence in the district court, however, we review for plain error. See FED. R. CRIM. P. 52(b); United States v. Calverley, 37 F.3d 160, 162 (5th Cir. 1994)(en banc). Under our precedent, which Rodriguez acknowledges, the district court's consecutive sentence did not constitute plain error. See United States v. Brown, 920 F.2d 1212, 1216-17 (5th Cir. 1991).

AFFIRMED.