United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 04-30451
Summary Calendar

---

United States of America

Plaintiff-Appellee,

versus

Luis Alonso Rodriguez-Gutierrez, also known as Saul
Martinez-Guevara, also know as Luis Rodriguez, also known
as Saul Alberto Martinez-Guevara, also known as Alonzo
Martinez-Lopez, also known as Luis Alonso
Gutierrez-Rodriguez, also known as Luis Martinez, also known
as Alonso Martines

Defendant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before REAVLEY, JOLLY, and HIGGINBOTHAM, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Defendant-Appellant Luis Alonso Rodriguez-Gutierrez pled guilty to illegal re-entry following deportation subsequent to an aggravated felony, in violation of 8 U.S.C. § 1326(a) & (b). We affirmed.[1] After the Supreme Court decided *United States v.*

---

[1]United States v. Rodriguez-Gutierrez, 119 Fed. Appx. 681 (5th Cir. 2005) (per curiam).

*Booker*,[2] it vacated Rodriguez's sentence and remanded to this Court for further consideration in light of that decision.[3] We requested and received supplemental letter briefs addressing the impact of *Booker*, and we again affirm Gutierrez's sentence.

Gutierrez did not raise the *Booker* error until his petition for writ of certiorari to the Supreme Court. Absent extraordinary circumstances, we will not consider a defendant's *Booker*-related claims presented for the first time in a petition for rehearing.[4] Gutierrez has presented no evidence of extraordinary circumstances.

Even if a showing of extraordinary circumstances was not required, our review would be for plain error because Gutierrez did not raise his *Booker* claims in district court.[5] Under plain error review, this Court has "a limited power to correct errors that were forfeited because [they were] not timely raised in the district court."[6] "An appellate court may not correct an error the defendant failed to raise in the district court unless there is (1)

---

[2]125 S. Ct. 738 (2005).

[3]Rodriguez-Gutierrez v. United States, 125 S. Ct. 2308 (2005).

[4]United States v. Hernandez-Gonzalez, 405 F.3d 260, 261 (5th Cir. 2005).

[5]*See* United States v. Mares, 402 F.3d 511, 5120 (5th Cir. 2005), *pet. for cert. filed*, (U.S. Mar. 31, 2005) (No. 04-9517).

[6]United States v. Olano, 507 U.S. 725, 731 (1993).

error, (2) that is plain, and (3) that affects substantial rights."[7]

Here, although Rodriguez can meet the first and second prongs of the plain error standard,[8] he cannot show that the error affected his substantial rights. To make such a showing, Rodriguez "bears the burden of demonstrating a probability sufficient to undermine confidence in the outcome."[9] Specifically, the question is whether Gutierrez can demonstrate "that the sentencing judge would have reached a different result had it sentenced [him] under an advisory scheme rather than a mandatory one."[10] Guiding this Court's review, the Supreme Court mandates that establishing such error "should not be too easy."[11]

In light of *Booker*, we have reviewed numerous sentences under this plain error standard. Often, and likely quite rightly, our opinions do not provide any extended analysis, as most defendants have no evidence suggesting that any *Booker* error affected their substantial rights. Our opinions giving the issue any extended treatment have focused on two issues: first, whether the judge made

---

[7]*Mares*, 402 F.3d at 520 (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002)).

[8]*See Mares*, 402 F.3d at 520-21 (finding that a sentence imposed under the mandatory Sentencing Guidelines is plain error).

[9]United States v. Bringier, 405 F.3d 310, 317 (5th Cir. 2005), pet. for cert. filed (July 26, 2005) (No. 05-5535).

[10]*Id.*

[11]United States v. Dominguez-Benitez, 124 S. Ct. 2333, 2340 (2004).

any statements during sentencing indicating that he would have imposed a lesser sentence had he not considered the Guidelines mandatory; second, the relationship between the actual sentence imposed and the range of sentences provided by the Guidelines. Each will be addressed in turn.

Our cases have placed a substantial burden upon defendants to show specific statements of the sentencing judge that suggest a lower sentence would be imposed under an advisory system. In *United States v. Bringier*, the Court found that the "substantial rights" prong of plain error review was not satisfied because the defendant could not point to anything in the record that indicated that the sentencing judge would have reached a different conclusion under an advisory scheme.[12] The Court, "out of an exercise of caution, but not out of any obligation to do so," reviewed the sentencing hearing transcript and concluded that a sentencing judge's mere "acknowledgment" that a sentence was "harsh" was not sufficient to establish that the defendant's substantial rights were affected.[13]

In contrast, in *United States v. Pennell*, a panel of this Court found that the defendant's substantial rights had been affected and remanded for resentencing.[14] There, the sentencing

---

[12]*Bringier*, 405 F.3d at 317.

[13]*Id.* at 317 & n.4.

[14]United States v. Pennell, 409 F.3d 240, 245-46 (5th Cir. 2005).

4

judge indicated that "from many standpoints of fairness and justice, it might be better to sentence people just based on actual loss, but I don't think that's the way the Guidelines are written . . . . So I feel constrained to" sentence the defendant in accordance with the Guidelines.[15] On this basis, the Court concluded that the district court would have selected a sentence other than the one mandated by the Guidelines.[16]

Here, nothing in the statements by the district court judge suggest that he would have imposed a lower sentence on Gutierrez had he not considered the Guidelines mandatory. Specifically, the judge stated:

> Well, he doesn't have a good record and, as you say, he is a supervised release violator. He has two cocaine convictions, a hit-and-run conviction, and he has got ten or so other minor violations. I sympathize with his family situation. As everybody knows, I have lost my own wife. It's not easy to do. There are many immigration laws that I don't agree with, frankly, but they are the law and they have to be complied with and someone with a bad record does not deserve sympathy especially someone with a drug record.

The only statement suggesting that the sentence was inappropriate is the judge's disagreement with "immigration laws." This could mean, as Rodriguez argues, that the judge felt the sentence mandated by the Guidelines inappropriate; it could also mean, as the government contends, that the judge considered the particular immigration law violated by Rodriguez inappropriate. Without more,

---

[15]*Id.*

[16]*Id.* at 246.

we cannot say that the judge's *Booker* error affected Rodriguez's substantial rights.

Our cases also have given varying weight to the relationship between the actual sentence imposed and the range of sentences provided by the Guidelines. In *Bringier*, for instance, this Court refused to give any weight to the fact that the imposed sentence was at the bottom end of the Guidelines.[17] The Court stated that the mere fact that the sentencing judge sentenced the defendant to the minimum sentence under the Guidelines "is no indication that the judge would have reached a different conclusion under an advisory scheme."[18] In *Pennell*, by contrast, this Court referenced the fact that the judge imposed the minimum possible sentence and concluded that the defendant's substantial rights were affected by the judge's *Booker* error.[19] In *United States v. Infante*, this Court found that the defendant's substantial rights were not affected because, in part, the imposed sentence was in the middle of the provided ranges.[20] Finally, in *United States v. Garcia*, the sentencing judge, after commenting that he would prefer to impose

---

[17]*Bringier*, 405 F.3d at 317 n.4 ("In addition, the fact that the sentencing judge imposed the minimum sentence under the Guideline range (360 months) alone is no indication that the judge would have reached a different conclusion under an advisory scheme.") (citing *Mares*, 402 F.3d at 521-22).

[18]*Id.*

[19]*Pennell*, 409 F.3d at 246 (recognizing that "[t]he district court sentenced Pennell at the bottom of the Guideline range").

[20]404 F.3d 376, 394-95 (5th Cir. 2005).

a lesser sentence, set the defendant's sentence "at the very bottom of the applicable Guidelines range."[21]

In reviewing sentences imposed in violation of *Booker* for plain error, we see three potential relationships: (1) the sentence imposed was the absolute maximum sentence provided under the Guidelines; (2) the sentence imposed was the absolute minimum sentence provided under the Guidelines; and (3) the sentence imposed was somewhere in the middle of the range provided by the Guidelines. Although the third class of cases does not tell us much about whether the sentencing judge would have imposed a lesser sentence,[22] there is a strong argument that the first two situations are probative on whether the defendant's substantial rights were affected by the *Booker* error. *Bringier*, however, has rejected this contention.[23]

Sentences that fall at the absolute maximum of the Guidelines provide the strongest support for the argument that the judge would not have imposed a lesser sentence. Although the mandatory Guidelines were designed to reduce sentence disparity,[24] they still

---

[21]United States v. Garcia, No. 04-40963, 2005 WL 1606898, at *1 (5th Cir. July 11, 2005).

[22]*See, e.g.*, *Infante*, 404 F.3d at 394-95.

[23]*See supra* note 17.

[24]*See* Mistretta v. United States, 488 U.S. 361, 363-67 (1989) (discussing the justifications for the Guideline system).

left some discretion to the sentencing judge within a particular range.[25]

Likewise, sentences falling at the absolute minimum of the Guidelines provide the strongest support for the argument that the judge would have imposed a lesser sentence. Although we do not hold that this fact alone will establish that the *Booker* error affected the defendant's substantial rights, we do consider it be highly probative, when taken together with relevant statements by the sentencing judge indicating disagreement with the sentence imposed, that the *Booker* error did affect the defendant's substantial rights.

To clarify, we do not suggest that a defendant sentenced at the absolute maximum of the range provided by the Guidelines will never be able to show that his substantial rights were affected. We agree with the Seventh Circuit that a judge could consider one defendant a more serious offender than another defendant and thus sentence the former to a higher sentence within the range, even while considering the entire range to be too high.[26] Nor do we suggest that every sentence imposed at the absolute minimum of the range provided by the Guidelines will necessarily compel reversal by this Court. We only make explicit what our prior cases had done

---

[25]Prior to *Booker*, 18 U.S.C. § 3553(a)(4) required courts to consider "the kinds of sentence and the sentencing range established for (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines."

[26]*See* United States v. Paladino, 401 F.3d 471, 482 (7th Cir. 2005).

8

implicitly--that is, examining the relationship between the sentence imposed and the range provided to the sentence judge under the perceived mandatory Guidelines.

Here, not only can Gutierrez not point to any evidence that the judge would have imposed a lesser sentence under an advisory system, Gutierrez's sentence was imposed at the maximum level provided by the Guidelines. Thus, we conclude that Gutierrez cannot show that the judge's *Booker* error affected his substantial rights.

Accordingly, Gutierrez's sentence is AFFIRMED.