United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-30834
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL B. CHESSON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:04-CR-20046-1-PM
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Michael B. Chesson appeals his guilty-plea sentence for possession and pledge of a stolen firearm, in violation of 18 U.S.C. §§ 922(j) and 924(a)(2).

Chesson renews his argument, preserved in the district court, that in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), the imposition of a two-level enhancement for being a prohibited person pursuant to U.S.S.G.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 2K2.1(a)(6)(A) was illegal because it was based on judicially found facts and facts to which he did not admit.

The Government responds that any error in treating the sentencing guidelines as mandatory rather than advisory was harmless because Chesson was sentenced to the maximum guideline range, thereby indicating that it is highly unlikely that he would have received a lesser sentence had the district court treated the guidelines as advisory.

Where, as here, an error under United States v. Booker, 125 S. Ct. 738 (2005), has been preserved in the district court, we "will ordinarily vacate the sentence and remand, unless [this court] can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005) (internal quotation marks and citation omitted. "The government bears the burden of showing that the error was harmless beyond a reasonable doubt." Pineiro, 410 F.3d at 284. To meet this burden, the Government must show that the Booker error did not affect the sentence that the defendant received, i.e., it must show "that the district court would have imposed the same sentence absent the error." Id.

Without the prohibited-person enhancement, Chesson's base offense level would have been 12, and his total offense level would have been 10 after a two-point downward adjustment for acceptance of responsibility. His resulting guideline imprisonment range would have been 10 to 16 months as opposed to

18 to 24 months. As such, the district court's sentencing error contributed to his sentence, and he was prejudiced by the error because the available sentencing range was increased beyond that for which he would otherwise have been eligible.

Contrary to the Government's assertion, a sentence at the high end of the guideline range alone does not conclusively prove that the district court would have imposed the same sentence absent a Booker error. Cf. United States v. Rodriquez-Gutierrez, ___F.3d___, No. 04-30451, 2005 WL 2447908 at ** 2-3 (5th Cir. Oct. 5, 2005) (holding, under a plain error standard of review, that a sentence at the maximum end of the guidelines range is strong but not conclusive evidence that the district court would not have imposed a lesser sentence under an advisory guidelines regime). If a maximum guideline sentence must be received "together with relevant statements by the sentencing judge" to show plain error, see id. at *3, it follows that the surrounding context must be examined to determine if any error is harmless beyond a reasonable doubt. Under the foregoing construct, the error was not harmless beyond a reasonable because other than the district court's imposition of a sentence at the high end of the guideline range, the record does not indicate that the district court would have imposed the same sentence absent a Booker error. The Government thus cannot meet its burden.

Accordingly, Chesson's sentence is VACATED and the case is REMANDED for resentencing.

VACATED AND REMANDED.