United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 18, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-10005
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY HICKS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-336-3
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Gregory Hicks was indicted on one count of conspiring to manufacture and distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine. He was then charged by superseding information with one count of conspiring to manufacture and distribute an unspecified quantity of a mixture and substance containing a detectable amount of methamphetamine.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hicks first pleaded guilty, pursuant to an agreement, to the superseding information. The district court rejected the plea agreement, but Hicks persisted in his guilty plea. Hicks subsequently pleaded guilty to the indictment.

Hicks then moved to withdraw his guilty pleas. The district court denied his motion. Hicks was sentenced to a 240-month term of imprisonment on the offense charged in the information and to a concurrent 288-month term on the offense charged in the indictment. He appeals.

Hicks first argues that the district court's denial of his motion to withdraw his guilty pleas was an abuse of discretion. This court accords broad discretion to the district court's decision regarding a motion to withdraw and will reverse such a decision only for an abuse of that discretion. United States v. Carr, 740 F.2d 339, 343-44 (5th Cir. 1984). The totality of the circumstances in this case indicates that Hicks has failed to demonstrate a fair and just reason for withdrawing his guilty plea. See id.

Hicks argues that his prosecution on the indictment, subsequent to his guilty plea to the superseding information, violated the Double Jeopardy Clause. The Government contends that there was no double jeopardy violation in the continued prosecution of Hicks, but it concedes that the Double Jeopardy Clause was violated because Hicks has received multiple punishments for the same offense.

The continued prosecution of Hicks, subsequent to his guilty plea to the superseding information, did not violate the Double Jeopardy Clause. See Ohio v. Johnson, 467 U.S. 493, 501 (1984). "Notwithstanding the trial court's acceptance of respondent's guilty pleas, respondent should not be entitled to use the Double Jeopardy Clause as a sword to prevent the State from completing its prosecution on the remaining charges." Id. Hicks's double jeopardy argument lacks merit.

However, as the Government concedes, the imposition of multiple punishments for the same offense violated the protection against double jeopardy. See Monge v. California, 524 U.S. 721, 727-28 (1998); United States v. Corona, 108 F.3d 565, 571-72 (5th Cir. 1997). Accordingly, we will AFFIRM the convictions, VACATE the sentences, and REMAND to the district court so that the Government may elect the count to be dismissed. See Corona, 108 F.3d at 574 ("When we find duplicative sentences, we vacate the offending sentences and remand with instructions that the government may elect which counts to dismiss in order to bring the sentences into compliance.")

Hicks also argues that he is entitled to resentencing under United States v. Booker, 125 S. Ct. 738 (2005). The Government concedes that Hicks preserved the Booker issue by objecting to his sentence under Blakely v. Washington, 542 U.S. 296 (2004), but it argues that the district court's error was harmless given

that the district court rejected the plea agreement and imposed a 288-month sentence from a sentencing range of 262-327 months.

When the district court imposes a sentence that is "somewhere in the middle of the range provided by the Guidelines," this "does not tell us much about whether the sentencing judge would have imposed a lesser sentence" if sentencing under advisory guidelines. United States v. Rodriquez-Gutierrez, ___ F.3d ___, No. 04-30451, 2005 WL 2447908, *2 (5th Cir. Oct. 5, 2005). Because the Government has not met its burden of showing beyond a reasonable doubt that the error was harmless, we will REMAND for resentencing. See United States v. Pineiro, 410 F.3d 282, 285 (5th Cir. 2005).

Because the case must be remanded, we do not address Hicks's contention that the district clearly erred by enhancing his sentence for possession of a firearm. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

CONVICTIONS AFFIRMED; SENTENCES VACATED; REMANDED.