United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 18, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20013
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEMPSHA LARTHA WILSON,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-248-ALL
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Kempsha Lartha Wilson appeals his guilty-plea conviction and

sentence for possession of a firearm by a convicted felon, in

violation of 18 U.S.C. §§ 922 and 924.

    Wilson renews his argument, preserved in the district court,

that in light of the Supreme Court's decision in <u>Blakely v.

Washington</u>, 542 U.S. 296 (2004), his Sixth Amendment rights were

violated when the district court increased his offense-level on

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

ground that Wilson possessed the firearm in connection with another felony, delivery of marijuana.

Where, as here, a claim of error under United States v. Booker, 125 S. Ct. 738 (2005), "is preserved in the district court, we will ordinarily vacate the sentence and remand, unless we can say the error is harmless under Rule 52(a) of the Federal Rules of Criminal Procedure." United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005) (quotation marks omitted). The Government must show "that the district court would have imposed the same sentence absent the error." Id. at 285.

The district court sentenced Wilson to the top of his guidelines range, but this factor is not conclusive to show that any error was harmless. Cf. United States v. Rodriquez-Gutierrez, 428 F.3d 201, 206-06 (5th Cir. 2005) (holding, under a plain error standard of review, that a sentence at the maximum end of the guidelines range is strong but not conclusive evidence that the district court would not have imposed a lesser sentence under an advisory guidelines scheme). Although the district court also found the sentence to be "appropriate" to meet the sentencing objectives of punishment and deterrence, the record contains no other indication by the district court that it would have imposed the same sentence absent Booker error. The Government thus cannot meet its burden.

Wilson contends that 18 U.S.C. § 922(g)(1) is unconstitutional because it does not require that the firearm in

question have a "substantial" effect on interstate commerce. He also contends that the mere movement of the firearm in interstate commerce prior to his possession of the firearm does not establish a sufficient nexus with interstate commerce.

As Wilson concedes, the constitutionality § 922(g) is not open to question. United States v. Daugherty, 264 F.3d 513, 518 (5th Cir. 2001). Moreover, evidence similar to that presented in Wilson's case is sufficient to maintain a conviction under § 922(g)(1). See id. at 518 & n.12 (discussing decisions in which firearms were possessed in Texas but manufactured elsewhere); see also United States v. Cavazos, 288 F.3d 706, 712 (5th Cir. 2002) (noting that "evidence that a firearm has traveled interstate at some point in the past is sufficient to support a conviction under § 922(g), even if the defendant possessed the firearm entirely intrastate").

Wilson's conviction is AFFIRMED; his sentence is VACATED and the case is REMANDED for resentencing.

AFFIRMED IN PART, VACATED AND REMANDED IN PART.