United States Court of Appeals
Fifth Circuit

**F I L E D**
February 6, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51361
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ELVIN OMAR BARAHONA-MEJIA,

Defendant-Appellant,

_____

On Appeal from the United States District Court
For the Western District of Texas
_____

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Barahona-Mejia appeals his sentence following his guilty plea to a charge of illegal reentry after deportation in violation of 8 U.S.C. § 1326. We affirm in part and remand for the limited purpose of consideration by the district court of whether it will impose a different sentence under the now-advisory sentencing guidelines and resentencing as necessary.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

First, Barahona-Mejia argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersy, 530 U.S. 466 (2000). This argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).

Second, Barahona-Mejia argues that the district court committed Booker error when it sentenced him under the mandatory Sentencing Guidelines. Barahona-Mejia did not raise a Booker or Blakley objection at sentencing, and therefore his claim is reviewed for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), cert. denied, 126 S.Ct. 43 (2005). An appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2)that is plain, and (3) that affects substantial rights. Id. The government concedes that the district court committed Booker error, but argues that Barahona-Mejia cannot demonstrate that the error affected his substantial rights.

Barahona-Mejia points to two facts in support of his claim that the district court's Booker error affected his substantial rights. First, the district court, after a discussion of Barahona-Mejia's situation in the sentencing hearing, stated, "I wish I knew of some way that I could be of help to you, but I

don't know a way.  That's a very sad story that you've told me."
The district court then asked counsel, "[C]an you think of
anything that could be done that would alleviate his problems?"
At the close of the hearing, the district court stated, "Mr.
Barahona, that's as bad a situation as I've heard in a long time.
I wish I had the means to help you."  Second, after making these
statements, the district court imposed a sentence of 30 months,
the minimum sentence within the applicable Guideline range.
Barahona-Mejia argues that the district court's sympathetic
statements, combined with the minimum sentence under the
Guidelines, demonstrate that the Booker error affected his
substantial rights.

The government argues that the statements made by the
district court, while sympathetic, do not indicate a desire to
sentence Barahona-Mejia outside the applicable Guideline range or
otherwise criticize the Guidelines-mandated result.  Instead, the
government argues that Barahona-Mejia has misconstrued the
district court's concern with his citizenship status as a desire
to impose a lesser sentence, and notes that the district court
did not respond to a suggestion by Barahona-Mejia's counsel that
the court impose a lesser sentence so that he could return to
Honduras to find work.

In reviewing a claim of Booker error, we consider "statements of the sentencing judge that suggest a lower sentence would be imposed under an advisory system." See United States v. Rodriguez-Gutierrez, 428 F.3d 201, 203-04 (5th Cir. 2005). In doing so, we also consider the "relationship between the actual sentence imposed and the range of sentences provided by the Guidelines." Id. at 204. "[S]entences falling at the absolute minimum of the Guidelines provide the strongest support for the argument that the judge will have imposed a lesser sentence." Id. Although that fact alone will not establish that the Booker error affected the defendant's substantial rights, a minimum sentence is "highly probative, when taken together with relevant statements by the sentencing judge indicating disagreement with the sentence imposed, that the Booker error did affect the defendant's substantial rights." Id.

Rather than speculate about the meaning of the district court's sympathetic comments to Barahona-Mejia, and whether he would have imposed a shorter sentence had he understood that he was free to consider such a sentence, and in light of the sentence imposed at the bottom of the applicable Guideline range, we REMAND for the limited purpose of consideration by the district court of whether it wishes to impose a different sentence under the now-advisory Sentencing Guidelines. If the district court elects to resentence the defendant, it is

4

authorized to vacate its original sentence and proceed to resentence defendant under Rule 32 F.R.C.P. If the district court decides not to resentence the defendant and enters an order reflecting this decision, the court's original sentence will stand.

SENTENCE AFFIRMED; CASE REMANDED FOR DISPOSITION CONSISTENT WITH THIS OPINION.