United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 13, 2006**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-51196

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS RAUL RAMIREZ-PALOMO,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 04-CR-547

Before Garwood, Davis, and Benavides Circuit Judges.

PER CURIAM:[*]

Luis Raul Ramirez-Palomo ("Ramirez-Palomo") challenges his sentence. We vacate and remand for resentencing in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738 (2005), and its progeny.

---

[*] Pursuant to 5th Cir. R. 47.5, this Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## I.  BACKGROUND

Ramirez-Palomo pleaded guilty to a two-count indictment charging him with importing and possessing with intent to distribute five or more kilograms of cocaine.  In calculating Ramirez-Palomo's sentencing range, the presentence report ("PSR") recommended a two-point sentencing enhancement for using minors in the commission of the offense.  *See* U.S.S.G. § 3B1.4.  Ramirez-Palomo objected to the PSR, citing *Blakely v. Washington*, 542 U.S. 296 (2004).   In response, the probation officer provided details of her presentence interview with Ramirez-Palomo in which he stated that the man who recruited him to drive the drugs across the border told him it was easier to evade detection by bringing his wife and children with him.  Ramirez-Palomo also told the probation officer that he did not see anything wrong with bringing his family along.  Ramirez-Palomo carried his *Blakely* objection forward at sentencing.

At Ramirez-Palomo's sentencing hearing, which was held prior to the Supreme Court's ruling in *United States v. Booker*, the district court denied the *Blakely* objection, citing that Ramirez-Palomo admitted to the probation officer the use of minors for the purpose of avoiding detection.  The court consequently applied the two-point enhancement.  Ultimately, the court set Ramirez-Palomo's sentencing range at 108 to 135 months imprisonment per count and sentenced him to concurrent terms of 108 months imprisonment for each count.

2

## II. DISCUSSION

Ramirez-Palomo argues that the district court erred in enhancing his sentence based on facts neither admitted to nor found by a jury beyond a reasonable doubt. The Government counters that Ramirez-Palomo's statement to the probation officer satisfies the requirement that a fact be "admitted by the defendant." *Booker*, 543 U.S. at __, 125 S. Ct. at 756. The issue, as framed by the parties, is whether the statement to the probation officer constitutes an admission or unconstitutional judicial fact-finding error under *Booker*. However, we do not need to reach this issue.

Whether or not Ramirez-Palomo's statement to the probation officer was an admission, our analysis is unchanged. We have identified two types of sentencing error in *Booker*'s wake. *See United States v. Walters*, 418 F.3d 461, 463 (5th Cir. 2005). First, "Booker error is found where the district court applied the mandatory Guidelines and enhanced a defendant's sentence on the basis of facts neither admitted by him nor found by a jury beyond a reasonable doubt, in violation of the Sixth Amendment." *Id*. at 463. Second, there is *Fanfan* error where the district court applied the mandatory Guidelines to enhance a defendant's sentence but did not engage in judicial fact-finding. *Id*. Here, if, as Ramirez-Palomo maintains, the statement was not an admission, then *Booker* error exists. Alternatively, following the Government's argument, if the statement was an admission, then *Fanfan* error

3

exists.  Under either scenario, our standard of review is the same.

We have recognized that mandatory application of the Sentencing Guidelines is, *ipso facto*, erroneous after *Booker*.  *See United States v. Valenzuela-Quevedo*, 407 F.3d 728, 733 (5th Cir. 2005). The Government concedes that Ramirez-Palomo preserved the error by objecting under *Blakely*.  *See, e.g.*, *United States v. Garza,* 429 F.3d 165, 170 (5th Cir. 2005).  Accordingly, our standard of review is for harmless error.  *See* FED. R. CRIM. P. 52(a).  Under this standard, we must vacate and remand unless the Government can prove beyond a reasonable doubt that the district court would not have sentenced Ramirez-Palomo differently had it acted under an advisory Guidelines regime.  *See Walters*, 418 F.3d at 464; *United States v. Akpan*, 407 F.3d 360, 377 (5th Cir. 2005).

The Government has failed to meet its "arduous burden." *United States v. Pineiro*, 410 F.3d 282, 284-87 (5th Cir. 2005).  The Government claims that the error was harmless because the sentence was based on upon admitted facts.  It also argues that Ramirez-Palomo failed to introduce evidence rebutting the Government's evidence that he used minors in the offense.  Neither of these arguments show that Ramirez-Palomo's sentence would have been the same under advisory Guidelines.  The Government's position that Ramirez-Palomo could not possibly obtain an improvement upon resentencing without contesting the factual basis of the sentencing enhancement ignores the district court's post-*Booker* authority to

4

impose a non-Guideline sentence.

Additionally, the court sentenced Ramirez-Palomo at the absolute minimum of the Guideline range. This supports Ramirez-Palomo's argument that the court would have imposed a lesser sentence had the Guidelines been understood as advisory. *See United States v. Rodriguez-Gutierrez*, 428 F.3d 201, 205 (5th Cir. 2005). In short, the Government has not carried its burden of proving harmlessness.

## III.  CONCLUSION

For the foregoing reasons, we VACATE Ramirez-Palomo's sentence and REMAND for resentencing in accordance with *Booker* and its progeny.