United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41695
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RHONDA JEAN GAINER,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1452-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

A jury convicted Rhonda Jean Gainer of possession with intent to distribute less than 50 kilograms of marijuana. The district court refused a downward departure and sentenced Gainer to 27 months of imprisonment. Gainer appeals.

Gainer contends for the first time on appeal that 21 U.S.C. § 841 is facially unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). She concedes that her argument is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Cir. 2000) (holding that <u>Apprendi</u> did not render § 841 unconstitutional). Gainer raises the argument only to preserve it for possible future review; it provides no basis for relief.

Gainer contends that the evidence was insufficient to prove she knew marijuana was concealed in the van she owned and was driving at the time the marijuana was discovered. The circumstantial evidence, viewed with its reasonable inferences in a light favorable to the verdict, supported the jury's conclusion that Gainer was aware of the concealed marijuana. <u>See</u> <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979). The evidence included Gainer's dubious explanation for her almost 4000-mile round trip from Peoria, Illinois, to Guadalajara, Mexico, over the space of just a few days, and substantial and obvious alterations made to the van made in order to accommodate the marijuana. <u>See</u> <u>United States v. Gutierrez-Farias</u>, 294 F.3d 657, 661 (5th Cir. 2002) (incredible explanations); <u>United States v. Ortega Reyna</u>, 148 F.3d 540, 544 (5th Cir. 1998) (obvious alterations). Because the evidence was sufficient to establish her guilty knowledge, her conviction is affirmed.

Gainer contends that her sentence was based on an unproven drug quantity and imposed under mandatory Sentencing Guidelines in violation of the Sixth Amendment and <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738 (2005). Gainer failed to raise these challenges in the district court; review is for plain error. <u>See</u> <u>United States v. Cruz</u>, 418 F.3d 481, 483 (5th Cir. 2005). We need

not address whether there was plain Sixth Amendment error with respect to drug quantity, because we find that, in light of <u>Booker</u>, the district court committed an obvious "Fanfan" error by sentencing Gainer under mandatory Guidelines. <u>See</u> <u>United States v. Cruz</u>, 418 F.3d 481, 484 (5th Cir. 2005); <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 733; <u>see also</u> <u>Booker</u>, 125 S. Ct. at 756-57 (rendering Guidelines advisory).

Gainer has demonstrated a sufficient probability that the district court would have imposed a lesser sentence under advisory Guidelines. <u>See</u> <u>Cruz</u>, 418 F.3d at 485. In denying a downward departure, the district court agreed with Gainer that her family circumstances were "unusual" and "certainly serious," and the court expressed its compassion for her family. The record suggests that the court nonetheless felt it was precluded from granting a departure by the guideline requirement that the family circumstances be "exceptional." <u>See</u> U.S.S.G. §5K2.0(a)(4). In addition, the sentence at the absolute minimum of the guideline range supports an argument that the district court would have imposed a lesser sentence but for mandatory guideline restrictions. <u>See</u> <u>United States v. Rodriguez-Gutierrez</u>, 428 F.3d 201, 205 (5th Cir. 2005).

Accordingly, we vacate the sentence and remand for resentencing under advisory Guidelines. <u>See</u> <u>Cruz</u>, 418 F.3d at 485 (finding plain Fanfan error where district court imposed the minimum sentence and denied a downward departure while explaining

that to depart the court would have "to deviate from the impositions" of the Guidelines). We "leave to the discretion of the district court" whether to grant a downward departure or to reassess the significance of drug-quantity evidence. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING