**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alfredo GONZALEZ–TREJO,**
**Defendant–Appellant.**

**No. 03–51417.**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided March 6, 2006.

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before JONES, Chief Judge, JOLLY, and WIENER, Circuit Judges.

PER CURIAM: *

This matter is before us on remand from the Supreme Court for reconsideration in light of its recent opinion in *United States v. Booker*.[1] At our request, the parties have commented on the impact of *Booker*. For the following reasons, we conclude that *Booker* does not affect Defendant–Appellant Alfredo Gonzalez–Trejo's sentence.

## I. BACKGROUND

Gonzalez–Trejo, a citizen of Mexico, pleaded guilty to and was convicted of reentering the United States illegally following removal, in violation of 8 U.S.C. § 1326(a). Standing alone, a § 1326(a) offense carries a maximum penalty of two years' imprisonment and one year of supervised release. Gonzalez–Trejo's § 1326(a) offense, however, did not stand alone: Prior to his removal from the United States, Gonzalez–Trejo was convicted of an aggravated felony, which, under 8 U.S.C. § 1326(b)(2), increased the maximum penalty for his § 1326(a) offense to 20 years' imprisonment and three years' supervised release. At his sentencing—which occurred prior to *Booker*—Gonzalez–Trejo's prior conviction also led to a 16-level increase in his offense level under the U.S. Sentencing Guidelines. Following the Guidelines, the court sentenced Gonzalez–Trejo to 46 months' imprisonment. Gonzalez–Trejo objected to the sentence on the ground that it exceeded the maximum authorized by § 1326(a), but the district court overruled his objection.

Gonzalez–Trejo then appealed his sentence to this court, arguing that it exceeded the statutory maximum in violation of his rights under the Fifth Amendment because the indictment charging him with a § 1326(a) offense did not separately state a § 1326(b) offense. After we affirmed his sentence in an unpublished opinion,[2] Gonzalez–Trejo petitioned the Supreme Court for a writ of certiorari, asserting his *Booker* claim for the first time. The Supreme Court granted Gonzalez–Trejo's petition, vacated our judgment affirming his sentence, and remanded to us for reconsideration in light of *Booker*.[3] We again affirm Gonzalez–Trejo's sentence.

## II. DISCUSSION

### A. Standard of Review

Gonzalez–Trejo raised his *Booker* claim for the first time in his petition for a writ

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

2. *United States v. Gonzalez–Trejo*, 110 Fed. Appx. 460 (5th Cir.2004).

3. *Alfaro v. United States*, 543 U.S. 1183, 125 S.Ct. 1422, 161 L.Ed.2d 182 (2005).

of certiorari. We will therefore review his *Booker* claim only in the presence of "extraordinary circumstances."[4] Although we have yet to flesh out the contours of precisely what constitutes "extraordinary circumstances," we know that the extraordinary circumstances standard is more onerous than the plain error standard.[5] If, therefore, Gonzalez–Trejo cannot meet the requirements of plain error review, he certainly cannot satisfy the requirements of extraordinary circumstances review. And Gonzalez–Trejo cannot; as he concedes, his claim does not survive plain error review. We therefore need not address his argument that, for a variety of reasons, the extraordinary circumstances standard is inapplicable in this case.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6] If the circumstances in a case meet all three criteria, we may exercise our discretion to notice the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings."[7] Under *Booker*, a district court's sentencing of a defendant under the formerly-mandatory Sentencing Guidelines (1) constitutes error that (2) is

plain.[8] Whether the error affects substantial rights is a more complex inquiry for which the defendant bears the burden of proof. He will carry this burden only if he can "show[ ] that the error 'must have affected the outcome of the district court proceedings.' "[9] That may be shown, in turn, by the defendant's "demonstrat[ion] of] a probability 'sufficient to undermine confidence in the outcome.' "[10] To demonstrate such a probability, the defendant must identify in the record an indication that the "sentencing judge—sentencing under an advisory [Guidelines] scheme rather than a mandatory one—would have reached a significantly different result."[11] By all accounts, this burden is "difficult"[12] —but not impossible[13]—to meet.

## B. Merits

In his supplemental letter brief, Gonzalez–Trejo concedes that "*Mares* appears to foreclose [his] plain-error claim in this circuit." Specifically, Gonzalez–Trejo is unable to point to any indication in the record that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme. Instead, he preserves a challenge to the standard of review we adopted in *Mares*, arguing that in *Mares* we got it wrong and the plain error standard employed by other courts (the Sixth Circuit, for example[14]) gets it right.

---

**4.** *United States v. Taylor,* 409 F.3d 675, 676 (5th Cir.2005).

**5.** *Id.*

**6.** *United States v. Cotton,* 535 U.S. 625, 631, 122 S.Ct. 1781, 152 L.Ed.2d 860 (2002).

**7.** *Id.*

**8.** *United States v. Mares,* 402 F.3d 511, 521 (5th Cir.2005).

**9.** *Id.* (quoting *United States v. Olano,* 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

**10.** *Id.* (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)).

**11.** *Id.*

**12.** *United States v. Pennell,* 409 F.3d 240, 245 (5th Cir.2005); *see also United States v. Rodriguez–Gutierrez,* 428 F.3d 201, 203 (5th Cir. 2005) ("[T]he Supreme Court mandates that establishing [plain] error 'should not be too easy.' ") (quoting *United States v. Dominguez Benitez,* 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)).

**13.** *See Pennell,* 409 F.3d at 245.

**14.** *See, e.g., United States v. Barnett,* 398 F.3d 516 (6th Cir.2005).

*Mares* is the settled law of this circuit, however, and we may revisit it only *en banc* or following a Supreme Court decision that actually or effectively overturns it.[15] Accordingly, we affirm the sentence imposed by the district court below.

## III. CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Gonzalez–Trejo's sentence is AFFIRMED.

---

15. *See Hogue v. Johnson,* 131 F.3d 466, 491 (5th Cir.1997).