**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 6, 2006**

**Charles R. Fulbruge III**
**Clerk**

REVISED MAY 12, 2006
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51417
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALFREDO GONZALEZ-TREJO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas, Del Rio
(No. DR-03-CR-597-1-AML)
- - - - - - - - - -

Before JONES, Chief Judge, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

This matter is before us on remand from the Supreme Court for reconsideration in light of its recent opinion in United States v. Booker.[1] At our request, the parties have commented on the impact of Booker. For the following reasons, we conclude that Booker does not affect Defendant-Appellant Alfredo Gonzalez-Trejo's sentence.

## I. BACKGROUND

Gonzalez-Trejo, a citizen of Mexico, pleaded guilty to and was convicted of reentering the United States illegally following

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 543 U.S. ——, 125 S. Ct. 738 (2005).

removal, in violation of 8 U.S.C. § 1326(a). Standing alone, a § 1326(a) offense carries a maximum penalty of two years' imprisonment and one year of supervised release. Gonzalez-Trejo's § 1326(a) offense, however, did not stand alone: Prior to his removal from the United States, Gonzalez-Trejo was convicted of an aggravated felony, which, under 8 U.S.C. § 1326(b)(2), increased the maximum penalty for his § 1326(a) offense to 20 years' imprisonment and three years' supervised release. At his sentencing — which occurred prior to Booker — Gonzalez-Trejo's prior conviction also led to a 16-level increase in his offense level under the U.S. Sentencing Guidelines. Following the Guidelines, the court sentenced Gonzalez-Trejo to 46 months' imprisonment. Gonzalez-Trejo objected to the sentence on the ground that it exceeded the maximum authorized by § 1326(a), but the district court overruled his objection.

Gonzalez-Trejo then appealed his sentence to this court, arguing that it exceeded the statutory maximum in violation of his rights under the Fifth Amendment because the indictment charging him with a § 1326(a) offense did not separately state a § 1326(b) offense. After we affirmed his sentence in an unpublished opinion,[2] Gonzalez-Trejo petitioned the Supreme Court for a writ of certiorari, asserting his Booker claim for the first time. The Supreme Court granted Gonzalez-Trejo's petition, vacated our judgment affirming his sentence, and remanded to us for

---

[2] United States v. Gonzalez-Trejo, No. 03-51417, 110 Fed. Appx. 460 (5th Cir. 2004).

reconsideration in light of <u>Booker</u>.[3]  We again affirm Gonzalez-Trejo's sentence.

## II.  DISCUSSION

### A.  Standard of Review

Gonzalez-Trejo raised his <u>Booker</u> claim for the first time in his petition for a writ of certiorari.  We will therefore review his <u>Booker</u> claim only in the presence of "extraordinary circumstances."[4]  Although we have yet to flesh out the contours of precisely what constitutes "extraordinary circumstances," we know that the extraordinary circumstances standard is more onerous than the plain error standard.[5]  If, therefore, Gonzalez-Trejo cannot meet the requirements of plain error review, he certainly cannot satisfy the requirements of extraordinary circumstances review.  And Gonzalez-Trejo cannot; as he concedes, his claim does not survive plain error review.  We therefore need not address his argument that, for a variety of reasons, the extraordinary circumstances standard is inapplicable in this case.

Under plain error review, we will not remand for resentencing unless there is "(1) error, (2) that is plain, and (3) that affects substantial rights."[6]  If the circumstances in a case meet all three criteria, we may exercise our discretion to notice the error only if it "seriously affects the fairness, integrity, or public

---

[3] <u>Alfaro v. United States</u>, —— U.S. ——, 125 S. Ct. 1422 (2005).

[4] <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).

[5] <u>Id.</u>

[6] <u>United States v. Cotton</u>, 535 U.S. 625, 631 (2002).

reputation of judicial proceedings."[7]  Under <u>Booker</u>, a district court's sentencing of a defendant under the formerly-mandatory Sentencing Guidelines (1) constitutes error that (2) is plain.[8]  Whether the error affects substantial rights is a more complex inquiry for which the defendant bears the burden of proof.  He will carry this burden only if he can "show[] that the error 'must have affected the outcome of the district court proceedings.'"[9]  That may be shown, in turn, by the defendant's "demonstrat[ion of] a probability 'sufficient to undermine confidence in the outcome.'"[10]  To demonstrate such a probability, the defendant must identify in the record an indication that the "sentencing judge — sentencing under an advisory [Guidelines] scheme rather than a mandatory one — would have reached a significantly different result."[11]  By all accounts, this burden is "difficult"[12] — but not impossible[13] — to meet.

## B.  Merits

---

[7] <u>Id.</u>

[8] <u>United States v. Mares</u>, 402 F.3d 511, 521 (5th Cir. 2005).

[9] <u>Id.</u> (quoting <u>United States v. Olano</u>, 507 U.S. 725, 734 (1993)).

[10] <u>Id.</u> (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74 (2004)).

[11] <u>Id.</u>

[12] <u>United States v. Pennell</u>, 409 F.3d 240, 254 (5th Cir. 2005); <u>see also</u> <u>United States v. Rodriguez-Gutierrez</u>, 428 F.3d 201, 203 (5th Cir. 2005) ("[T]he Supreme Court mandates that establishing [plain] error 'should not be too easy.'") (quoting <u>United States v. Dominguez Benitez</u>, 542 U.S. 74 (2004)).

[13] <u>See</u> <u>Pennell</u>, 409 F.3d at 245.

In his supplemental letter brief, Gonzalez-Trejo concedes that "Mares appears to foreclose [his] plain-error claim in this circuit." Specifically, Gonzalez-Trejo is unable to point to any indication in the record that there is a probability that the sentencing judge would have sentenced him differently under an advisory Guidelines scheme. Instead, he preserves a challenge to the standard of review we adopted in Mares, arguing that in Mares we got it wrong and the plain error standard employed by other courts (the Sixth Circuit, for example[14]) gets it right. Mares is the settled law of this circuit, however, and we may revisit it only en banc or following a Supreme Court decision that actually or effectively overturns it.[15] Accordingly, we affirm the sentence imposed by the district court below.

## III. CONCLUSION

As there exist no extraordinary circumstances or other grounds for relief, Gonzalez-Trejo's sentence is
AFFIRMED.

---

[14] See, e.g., United States v. Barnett, 398 F.3d 516 (6th Cir. 2005).

[15] See Hogue v. Johnson, 131 F.3d 466, 491 (5th Cir. 1997).